**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **JONETTA BROOKS,** § | |
| § | |
| Plaintiff, § | **Civil Action No.** |
| § | |
| v. § | |
| § | **Jury Trial Demanded** |
| **MEDICREDIT, INC.,** § | |
| § | |
| Defendant. § | |
| § | |

# COMPLAINT

JONETTA BROOKS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States..

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

**PARTIES**

4. Plaintiff is a natural person residing in Dallas, Texas 75210.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Plaintiff has a cellular telephone number that she has had for over one year.

12. Plaintiff has only used this number as a cellular telephone number.

13. At all relevant times, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

14. Upon information and belief, Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore the debt, if truly an obligation owed by her, could only have arisen from a financial obligation primarily for personal, family, or household purposes.

15. Between June 2015 and June 2016, Defendant's collectors repeatedly and continuously placed calls to Plaintiff's cellular telephone number.

16. Defendant has been calling Plaintiff regarding her daughter's medical debt from

Sunnyvale Regional Hospital.

17. Plaintiff received collection calls from telephone numbers including, but not limited to (888) 930-4297. The undersigned has confirmed the number as belonging to Defendant.

18. Plaintiff received automated calls that began with a pre-recorded voice before the calls were transferred to collectors after pressing button three.

19. Plaintiff also received automated voice messages from Defendant that stated, "This is an attempt to collect a debt."

20. By way of background, in November or December 2014, Plaintiff spoke to Defendant and requested that Defendant stop calling her regarding her daughter's medical debt.

21. Defendant stated that they would put Plaintiff on a do not call list.

22. However, Defendant continued to call Plaintiff.

23. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

24. Defendant also threatened to garnish Plaintiff's wages in February or March 2016.

25. After Plaintiff's repeated requests to stop the calls were ignored by Defendant, she had no other option but to install a blocking application to block calls from their phone number.

## COUNT I
### DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

28. Defendant violated §§1692d and d(5) when it called Plaintiff repeatedly attempting to collect a debt, and continued to call after being told to stop calling.

## COUNT II
### DEFENDANT VIOLATED §1692e(5) OF THE FDCPA

29. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take action that cannot legally be taken or is not intended to be taken.

30. Defendant violate §1692e(5) when it threatened to garnish Plaintiff's wages without the intent to take such action.

## COUNT III
### DEFENDANT VIOLATED §§ 1692e AND 1692e(10) OF THE FDCPA

31. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. Section 1692e(10) of the FDCPA prohibits debt collectors from using of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33. Defendant violated §§ 1692e and 1692e(10) when it threatened to garnish Plaintiff's wages without the intent to take such action.

**COUNT IV**
**DEFENDANT VIOLATED THE TCPA**

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

36. Defendant's calls to Plaintiff were not made for emergency purposes as Defendant was attempting to collect a balance remaining on Plaintiff's auto loan.

37. Defendant's calls to Plaintiff, on and after November or December 2014, were not made with Plaintiff's prior express consent.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JONETTA BROOKS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

f. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

h. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

h. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

i. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

j. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JONETTA BROOKS, demands a jury trial in this case.

| | |
|---|---|
| DATED: 7/1/2016 | KIMMEL & SILVERMAN, P.C. |
| | By:  /s/Amy L. B. Ginsburg |
| | Amy L. B. Ginsburg<br>Attorney for Plaintiff<br>Kimmel & Silverman, P.C.<br>30 E. Butler Pike<br>Ambler, PA 19002<br>Phone: (215) 540-8888<br>Fax: (877) 788-2864<br>Email: aginsburg@creditlaw.com |